LAW OFFICE OF MICHAEL L. FRADIN
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com


Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Louisa Perry-Farr and Diamond Bell on behalf of themselves and all others similarly situated, known and unknown, | Case No. ---------- |
| Plaintiffs, | |
| v. | Judge -------<br>Magistrate Judge ------ |
| Phlavz Bar and Grill, LLC<br>717 W. Maxwell St.<br>Chicago, IL 60607; | |
| Phillip Simpson<br>320 E, Mulberry Dr.<br>Glenwood, IL 60425; | **COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |
| Defendants. | |

**COLLECTIVE ACTION COMPLAINT**

Now come Plaintiffs, Louisa Perry Farr and Diamond Bell ("Plaintiffs"), on behalf of

themselves and all other persons similarly situated, and for their Complaint against Defendants,

Phlavz Bar and Grill, LLC and Phillip Simpson, state and allege as follows:

I.    **NATURE OF PLAINTIFFS' CLAIMS**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, et seq. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq. ("IWPCA") for Defendants' failure to pay Plaintiffs, and other similarly situated employees, minimum wages, overtime wages, and earned wages.  This case is brought as a collective action under 29 U.S.C. § 216(b). Plaintiff Farr's consent form to act as a representative plaintiff is attached as Exhibit A.  Plaintiff Bell's consent form to act as the representative plaintiff is attached as Exhibit B.

## II.      JURISDICTION AND VENUE

2.      Pursuant to 28 U.S.C. § 1331, this Court has federal-question jurisdiction over Plaintiffs' FLSA claims, which arise under 29 U.S.C. § 216(b). In addition, this Court has supplemental jurisdiction over Plaintiffs' state-law claims because those claims derive from the same common conduct that led to violations of the FLSA; that is, the FLSA and state law claims all derive from the same common nucleus of operative facts.  28 U.S.C. § 1367.

3.      Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district because the facts and events giving rise to Plaintiffs' claims occurred in Illinois and within this judicial district.

4.      Jurisdiction and venue as to Defendants are proper in this Court pursuant to 28 U.S.C. §§ 1331, 1332, and 216(b) of the FLSA, 29 U.S.C. § 216(b).

## III.      THE PARTIES

### A.      Plaintiffs

5.      Plaintiffs Louisa Perry Farr and Diamond Bell reside within this judicial district.

6.      Defendants employed Plaintiff Farr as a server at its Maxwell Street location

from on or about May 27, 2021 through on or about November 29, 2021.

7.      Defendants employed Plaintiff Bell as a server at its Maxwell Street location

from on or about March 25, 2021 through on or about November 28, 2021.

**B.      Defendants**

8.      Defendant Phlavz Bar and Grill, LLC owns and operates Phlavz restaurants in

and around Chicago, Illinois and employs servers.

9.      Defendant Simpson is the owner of Phlavz Bar and Grill, LLC and exercises

control over the restaurants' operations, including their labor policies and the payment of

employees.

**IV.      <u>COMMON ALLEGATIONS – WAGE AND HOUR VIOLATIONS</u>**

10.      Plaintiffs were employed by Defendants as servers within the last three years

before the filing of this lawsuit.

11.      At all relevant times, Defendants controlled and directed the performance of

Plaintiffs and other servers.

12.      Plaintiffs and other servers for Defendants conducted work in furtherance of the

Defendants' restaurant business.

13.      At all relevant times, Defendants misclassified Plaintiffs and other servers as

independent contractors.

14.      At all relevant times, Defendants paid Plaintiffs less than the applicable minimum

wage.

15.      Plaintiffs and other servers employed by Defendants were also directed by

Defendants to work, and did work, in excess of 40 hours per week.

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

16.     Defendants did not compensate Plaintiffs and other servers at one and one-half times their normal hourly rate of pay for hours worked in excess of 40 in individual work weeks.

17.     In a willful attempt to avoid the payment of overtime wages, Defendants employed a variety of schemes to deprive their servers of their earned wages.

18.     Defendants regularly required Plaintiffs and other servers to work when "clocked out," including requiring Plaintiffs and other servers to attend staff meetings and post on social media while "off the clock."

19.     Defendants did not track all hours Plaintiffs and other servers worked.

20.     Defendants regularly unlawfully deducted time from the daily wages of Plaintiffs and their other servers.

21.     Defendants possessed the authority to hire and fire Defendants' employees, to supervise and control employee work schedules or conditions of employment, to determine rate and methods of payment, and to maintain employment records.

22.     Defendants' employees have regularly handled, sold, or otherwise worked on goods and materials that have been moved or produced for commerce, including, but not limited to, food products.

23.     Upon information and belief, Defendants have individually and collectively earned annual gross revenues in excess of $500,000 during all relevant times.

24.     At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of Phlavz restaurants.

25.     At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiffs and their other employees; and (2) Defendants were under common control.  In any event, at all relevant times, all Defendants were joint employers under the FLSA.

26.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of their chain of Phlavz restaurants.

27.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

## V.      FACTUAL ALLEGATIONS

### A.      Defendants operated an unlawful payment policy for its servers that harmed Plaintiffs and other servers

28.     Defendants had a policy of misclassifying servers as independent contractors and paying servers less than minimum wage and requiring servers to pay from their tips for customer walkouts.

29.     While paying Plaintiffs at sub-minimum wages or sometimes no wages at all, Defendants required servers to reimburse Defendants from their tips when customers walked out without paying for their meals.

30.     Defendants required Plaintiffs and other servers to work off the clock for no compensation.

31.     Because of their unlawful employment practices, Defendants have forfeited their right to claim any tip credit against the wages of Plaintiffs and Defendants' other servers.

### B.      Defendants instituted a variety of unlawful schemes to avoid paying overtime wages

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

32.     Defendants instituted various schemes to make sure that they were not paying Plaintiffs and other similarly situated employees a proper and lawful overtime wage.

33.     Defendants permit employees to work more than 40 hours in a single workweek, and then use various schemes to make it appear that these employees worked 40 hours or less in a single workweek.

34.     Defendants not only misclassify servers as independent contractors to avoid paying overtime wages but regularly do not count the hours worked by servers at all, only taking a credit for tips but not even paying any wages at all, not even tip-credit wages.

35.     By not paying any wages to servers, let alone tip-credit wages, Defendants have forfeited any argument that they are entitled to a tip-credit.

## VI.     FLSA COLLECTIVE DEFINITION AND ALLEGATIONS

36.     Plaintiffs bring the First, Second, and Third Claims for Relief for violations of the FLSA as a collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiffs bring the FLSA action on behalf of themselves and all members of the following collective (the "FLSA Collective") comprised of:

37.     **FLSA Collective**
All individuals in positions, job titles, job codes, job classifications, or job descriptions of "Server" and all other similar nomenclature performing substantially identical functions and/or duties as those outlined in this Complaint, currently or formerly employed by Defendants at any of their Phlavz locations from three (3) years prior to the commencement of this Action to the present.

38.     Plaintiffs and the members of the FLSA Collective are similarly situated in that they have substantially similar job classifications, job duties, job requirements, and were subject to Defendants' common practices, policies, and schemes, of willfully and unlawfully failing to

pay minimum wages to Plaintiffs and members of the FLSA Collective, deducting business losses and shortages from the employees' wages, and forcing them to work off the clock so that they will not earn minimum wage or earn overtime.

39.     The First, Second, and Third Claims for Relief for violations of the FLSA may be brought and maintained as "opt-in" collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), since the claims of the Plaintiffs are similar to the claims of the members of the FLSA Collective.

40.     The names, addresses and telephone numbers of the members of the FLSA Collective are available from Defendants, and notice should be provided to the members of the FLSA Collective as soon as possible.

41.     Plaintiffs seek to recover damages for the FLSA Collective for the three years prior to the initial filing of the Complaint applying all tolling periods.

## VII.    RULE 23 CLASS DEFINITIONS AND ALLEGATIONS

42.     Plaintiffs bring Claims for Relief for violation of Illinois' wage and hour laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiffs bring these claims on behalf of themselves and all members of the following class (the "Illinois Class") comprised of:

**IWPCA Class**

> All individuals in positions, job titles, job codes, job classifications, or job descriptions of "Server" and all other similar nomenclature performing substantially identical functions and/or duties as those outlined in this Complaint, who currently work or formerly worked by Defendants at any of their Phlavz locations in Illinois at any point from ten (10) years prior to the commencement of this Action to the present.

**IMWL Class**

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

All individuals in positions, job titles, job codes, job classifications, or job descriptions of "Server" and all other similar nomenclature performing substantially identical functions and/or duties as those outlined in this Complaint, who currently work or formerly worked by Defendants at any of their Phlavz locations in Illinois at any point from three (3) years prior to the commencement of this Action to the present.

**Chicago Minimum Wage Class**

All individuals in positions, job titles, job codes, job classifications, or job descriptions of "Server" and all other similar nomenclature performing substantially identical functions and/or duties as those outlined in this Complaint, who currently work or formerly worked by Defendants at any of their Phlavz locations in Chicago at any point from three (3) years prior to the commencement of this Action to the present.

**Cook County Minimum Wage Class**

All individuals in positions, job titles, job codes, job classifications, or job descriptions of "Server" and all other similar nomenclature performing substantially identical functions and/or duties as those outlined in this Complaint, who currently work or formerly worked for Defendants at any of their Phlavz locations in Cook County at any point from three (3) years prior to the commencement of this Action to the present.

**A. Rule 23 Allegations**

    **a.  Numerosity (Rule 23(a)(1)).**

43.    The Illinois Classes are so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that Defendants employed hundreds of persons who satisfy the definition of the Illinois Classes.

    **b.  Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

44.     Common questions of law and fact exist as to the Plaintiffs and the members of the Illinois Classes including, but not limited to, the following:

   a.  Whether Defendants unlawfully failed to pay members of the IMWL Class the minimum wage, in violation of the Illinois Minimum Wage Law ("IMWL");

   b.  Whether Defendants unlawfully failed to pay members of the IWPCA Class proper compensation in violation of the Illinois Wage Payment and Collection Act ("IWPCA");

   c.  Whether Defendants unlawfully failed to keep and maintain accurate and true records of the hours worked by members of the Illinois classes as required by applicable law; and

   d.  Whether Defendants unlawfully deducted business costs, uniform costs, accessory and work material costs, prior earned wages, and shortages in violation of the IWPCA and/or IMWL.

   e.  The damages sustained and the proper measure of restitution recoverable by members of the Illinois Class.

   **c.  Typicality (Rule 23(a)(3)).**

45.     Plaintiffs' claims are typical of the members of the Illinois Class' claims. Plaintiffs, like other members of the Illinois Classes, were subjected to Defendants' illegal scheme to maximize profits by depriving their employees of the basic minimum wage and overtime compensation, as well as other schemes.

   **d.  Adequacy (Rule 23(a)(4)).**

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

46.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the Illinois Classes. Plaintiffs retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

**e.  Injunctive and Declaratory Relief (Rule 23(b)(2)).**

47.     Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the members of the Illinois Classes, making appropriate declaratory relief with respect to the members of the Illinois Classes as a whole.

**f.  Predominance and Superiority of Class Action (Rule 23(b)(3)).**

48.     Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to members of the Illinois Classes predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices illegally deprived Plaintiffs and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual members of the Illinois Classes are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

49.     Plaintiffs intend to send notice to all members of the Illinois Classes to the extent required by Rule 23.

**VIII.    <u>CLAIMS FOR RELIEF</u>**

## Count I
### Failure to Pay Minimum Wages – Fair Labor Standards Act (On Behalf of Plaintiffs and the Collective Action Class)

50.     Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

51.     At all relevant times, Plaintiffs have been "employees" as defined in the FLSA, 29 U.S.C. § 203(e)(1), and were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

52.     Throughout Plaintiffs' employment, Defendants employed other servers who were similarly not exempt from the minimum wage provisions of the FLSA.

53.     Plaintiffs and other servers were "tipped employees" within the meaning of 29 U.S.C. § 203(t).

54.     During all relevant times, Defendants have each been an "employer" as defined in the FLSA, 29 U.S.C. § 203(d). 54 and have operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

55.     Pursuant to 29 U.S.C. § 206, Plaintiffs, as well as other servers and employees, were entitled to be compensated according to the applicable minimum wages under the FLSA.

56.     Defendants did not inform Plaintiffs or other servers of the tip credit subsection, 29 U.S.C. § 203(m).

57.     Defendants violated the minimum wage provisions of the FLSA by requiring Plaintiffs and similarly-situated employees to perform non-tipped work that is unrelated to their tipped occupation, while paying them less than minimum wage.

58.     Defendants violated the minimum wage provisions of the FLSA by requiring Plaintiffs and similarly-situated employees to perform work while being paid no wages at all.

59.     Defendants violated the minimum wage provisions of the FLSA by requiring Plaintiffs and similarly situated servers to perform non-tipped work that, even if it was related to their tipped occupation, was performed more than occasionally or part of the time. Instead, Defendants required such related non-tipped labor to be performed for unreasonable amounts of time that are not contemporaneous to direct customer service duties and for amounts of time that exceed 20 percent of Plaintiffs' and similarly situated servers' time worked in one or more individual workweeks.

60.     Defendants violated the minimum wage provisions of the FLSA by requiring Plaintiffs and other similarly situated servers to reimburse the restaurant from their tips for customer walkouts and cash drawer shortages while paying them sub-minimum wages.

61.     Defendants violated the minimum wage provisions of the FLSA by requiring Plaintiffs and similarly situated servers to work off the clock.

62.     Defendants' resultant failure to pay minimum wages was a violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

63.     Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs and similarly situated servers minimum wages was willful and not in good faith.

<u>**Count II**</u>
**Failure to Pay Overtime Wages – Fair Labor Standards Act (On Behalf of Plaintiffs and the Collective Action Class)**

64.     Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

65.     Plaintiffs have been "employees" as defined in the FLSA, 29 U.S.C. § 203(e)(1), and were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

66.     Throughout Plaintiffs' employment, Defendants employed other servers who were similarly not exempt from the overtime wage provisions of the FLSA.

67.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs and other servers worked in excess of 40 hours, Plaintiffs and other servers were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

68.     Defendants violated the overtime pay provisions of the FLSA by requiring Plaintiffs and other servers to work off the clock, which resulted in them working more than 40 hours in one or more individual workweeks during which they were not paid, or not paid all, of their earned overtime compensation as required by the FLSA. 29 U.S.C. § 207.

69.     Defendants' violations of the Fair Labor Standards Act by refusing to pay Plaintiffs' overtime wages were willful and not in good faith.

### Count III
**Violation of the Fair Labor Standards Act – Illegal Tip Retention (On Behalf of Plaintiff and the Collective Action Class)**

70.     Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

71.     Plaintiffs and other servers were "tipped employees" within the meaning of 29 U.S.C. § 203(t).

72.     Defendants violated 29 U.S.C. § 203(m) by not allowing Plaintiffs and other servers to retain all of their tips.

73.     Defendants forced Plaintiffs, as well as other servers, to pay for customer walk-outs out of their own tips.

74.     Defendants' violations of the Fair Labor Standards Act by failing to allow Plaintiffs and other servers to retain all of their tips were willful and not in good faith.

**Count IV**
**Violation of the IWPCA – Unpaid Wages**
**(On Behalf of Plaintiff and the IWPCA Class)**

75.     Plaintiffs restate and incorporate the foregoing allegations as if fully rewritten herein.

76.     This Count arises from Defendants' practice of failing to pay Plaintiffs and the IWPCA Class at the wage rate agreed to by the parties.

77.     During the course of their employment, Plaintiffs had an agreement within the meaning of the IWPCA to be compensated for all hours worked at an agreed upon rate.

78.     Other similarly situated employees likewise had an agreement within the meaning of the IWPCA to be compensated for all hours worked at an agreed upon rate.

79.     Defendants had a practice of not paying Plaintiffs and the Rule 23 Classes at the rate agreed to by the parties. For example, Defendants misclassified Plaintiffs and other servers as independent contractors, resulting in wages being paid at rates below the rate that would be paid if the servers were properly classified as employees.

80.     Defendants also took "kickbacks" from the wages of Plaintiffs and the IWPCA Class and failed to properly reimburse Plaintiffs and the IWPCA Class for the expenses they incurred while serving food on Defendants' behalf.

81.     Plaintiffs and the IWPCA Class were entitled to be paid as employees for all time worked at the rate agreed to by the parties.

82.     Defendants' practice of failing to pay Plaintiffs and the IWPCA Class at the rate agreed to by the parties violated the IWPCA.

83.    Plaintiffs and the IWPCA Class are entitled to recover all the unpaid wages in violation of the IWPCA made from their earned wages for a period of ten (10) years prior to the filing of this lawsuit. *See* 73 ILCS 5/13-206.

84.    As a result of Defendants' violations of the IWPCA, Plaintiffs and the IWPCA Class are entitled to unpaid wages, statutory damages pursuant to the IWPCA, reasonable attorneys' fees, and costs.

**Count V**
**Violation of the IWPCA – Unlawful Deductions and**
**Unlawful Shifting of Business Expenses**
**(On Behalf of Plaintiff and the IWPCA Class)**

85.    Plaintiffs restate and incorporate the foregoing allegations as if fully rewritten herein.

86.    This Count arises from Defendants' unlawful shifting of business expenses from the Defendants to the Plaintiffs and the Rule 23 Class.

87.    Defendants likewise had a practice of requiring Plaintiffs and the Rule 23 Classes to incur unreimbursed business expenses.

88.    Defendants' practice of shifting business expenses to the Plaintiffs and the Rule 23 Class and of requiring Plaintiffs and the Rule 23 violated the IWPCA.

89.    Plaintiffs and the Rule 23 Classes are entitled to recover all the unlawful deductions and business expenses made from their earned wages for a period of ten (10) years prior to the filing of this lawsuit in addition to statutory interest and attorneys' fees and costs.

90.    As a result of Defendants' violations of the IWPCA, Plaintiffs and the IWPCA Class are entitled to unpaid wages and unlawful deductions, statutory damages pursuant to the IWPCA, reasonable attorneys' fees, and costs.

**Count VI**
**Violation of the Illinois Minimum Wage Law – Minimum Wages –**
**(On Behalf of Plaintiffs and the IMWL Class)**

91.     Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

92.     At all relevant times, Plaintiffs have been "employees" as defined by the IMWL, 820 ILCS § 105/3(d), and were not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

93.     Throughout Plaintiffs' employment, Defendants employed other servers who were similarly not exempt from the minimum wage provisions of the IMWL.

94.     Plaintiffs and other servers have been tipped employees within the meaning of 820 ILCS 105/4(c).

95.     During all relevant times, Defendants have each been an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

96.     Pursuant to 820 ILCS § 105/4, Plaintiffs, as well as other servers, were entitled to be compensated according to the applicable minimum wages pursuant to the IMWL.

97.     Defendants failed to pay Plaintiffs, as well as other servers, minimum wage and did not allow Plaintiffs, as well as other servers, to retain all tips.

98.     Defendants' resultant failure to pay minimum wages was a violation of the IMWL, 820 ILCS § 105/4.

99.     Defendants' violations of the Illinois Minimum Wage Law were willful and not in good faith.

**Count VII**
**Violation of the Illinois Minimum Wage Law – Overtime Wages –**
**(On Behalf of Plaintiff and the IMWL)**

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

100.    Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

101.    At all relevant times, Plaintiffs have been "employees" as defined by the IMWL, 820 ILCS § 105/3(d), and were not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 et seq.

102.    During the course of Plaintiffs' employment, Defendants employed other servers who were similarly not exempt from the overtime wage provisions of the IMWL.

103.    Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiffs and other servers worked in excess of 40 hours, Plaintiffs and other servers were entitled to be compensated at a rate of one and one-half times their normal hourly rate of pay.

104.    Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 hours per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

105.    Defendants' violation the Illinois Minimum Wage Law willful and not in good faith.

**Count VIII**
**Violation of the Chicago Minimum Wage Law –**
**(On Behalf of Plaintiffs and the Chicago Class)**

106.    Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

107.    This count arises from Defendants' violation of the Chicago Ordinance by failing to pay Plaintiffs and similarly situated servers at least the City of Chicago-mandated, minimum, hourly Chicago minimum wage rate per hour for the work performed up to 40 hours per week and at least 1.5 times

the Chicago minimum wage rate per hour for the hours worked by Plaintiffs and the Chicago Class after working forty (40) hours in a week within the City of Chicago.

108.    For example, on or about October 22, 2021, Plaintiff Perry-Farr was paid for 13.4 hours of work at an hourly rate of $6.40 per hour. However, as of July 1, 2021, the minimum wage in Chicago is $15.00 per hour for employers with 21 or more workers, and $14.00 per hour for employers with 4 to 20 workers. Tipped workers (workers who receive tips as part of their wage, like restaurant servers) have a minimum wage of $8.40 for employers with 4 to 20 workers, and $9.00 for employers with 21 or more workers. As such, Defendants paid Plaintiff Perry-Farr below the Chicago Minimum Wage, even for tipped workers. As further example, on or about July 23, 2021, Plaintiff Bell was paid for 18.25 hours of work at an hourly rate of $6.40 per hour. However, as of July 1, 2021, the minimum wage in Chicago is $15.00 per hour for employers with 21 or more workers, and $14.00 per hour for employers with 4 to 20 workers. Tipped workers (workers who receive tips as part of their wage, like restaurant servers) have a minimum wage of $8.40 for employers with 4 to 20 workers, and $9.00 for employers with 21 or more workers. As such, Defendants paid Plaintiff Bell below the Chicago Minimum Wage, even for tipped workers.

109.    Defendants' practice and policy of not paying Plaintiffs and other similarly-situated servers for work performed before clocking in each day violated the Chicago Ordinance.

110.    Defendants' practice and policy of not paying Plaintiffs and other similarly-situated servers for work performed after their shift ended violated the Chicago Ordinance.

111.    Defendants' practice and policy of not paying Plaintiffs and other similarly-situated servers overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the Chicago Ordinance.

112.    By failing to pay Plaintiffs and other similarly-situated servers overtime compensation, Defendants willfully, knowingly and/or recklessly violated the provisions of the Chicago Ordinance.

113.    As a result of Defendants' practices and policies, Plaintiffs and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the Chicago Ordinance.

<u>Count VIII</u>
**Violation of the Cook County Minimum Wage Ordinance – (On Behalf of Plaintiffs and the Cook County Class)**

114.    Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

115.    This count arises from Defendants' violation of the Cook County Ordinance by failing to pay Plaintiffs and similarly situated customer care agents at least the Cook County-mandated, minimum, hourly wage rate per hour for the work performed up to 40 hours per week and at least 1.5 times the Cook County hourly minimum wage rate per hour for the hours after working forty (40) hours within the County of Cook.

116.    For example, on or about October 22, 2021, Plaintiff Perry-Farr was paid for 13.4 hours of work at an hourly rate of $6.40 per hour. However, as of July 1, 2021, the minimum wage in Cook County for tipped employees was $6.60 per hour.. As such, Defendants paid Plaintiff Perry-Farr below the Cook County Minimum Wage, even for tipped workers.

117.    As further example, on or about July 23, 2021, Plaintiff Bell was paid for 18.25 hours of work at an hourly rate of $6.40 per hour. However, as of July 1, 2021, the minimum wage in Cook County for tipped employees was $6.60 per hour.. As such, Defendants paid Plaintiff Bell below the Cook County Minimum Wage, even for tipped workers.Defendants' practice and policy of not paying Plaintiffs

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

and other similarly-situated employees for work performed before clocking in each day violated the Cook Ordinance.

118.     Defendants' practice and policy of not paying Plaintiffs and other similarly-situated employees for work performed after their shift ended violated the Cook Ordinance.

119.     Defendants' practice and policy of not paying Plaintiffs and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the Cook Ordinance.

120.     By failing to pay Plaintiffs and other similarly-situated employees overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the Cook Ordinance.

121.     As a result of Defendant's practices and policies, Plaintiffs and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the Cook Ordinance.

**IX.     PRAYER FOR RELIEF**

122.     WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Plaintiff Classes they seek to represent, prays for relief as follows:

    a.     For an order certifying that the First, Second, and Third Claims for Relief of this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the opt-in FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims;

    b.     For an order certifying that the Fourth, Fifth, and Sixth, Seventh, and Eighth Claims for Relief be maintained as class actions pursuant to Rule 23 on behalf of

the members of the Illinois Classes who were employed by Defendants during the Illinois Class Periods and that notice of the pendency of this action be provided to members of the Illinois Classes.

    c.   A declaratory judgment that the practices complained of herein are unlawful pursuant to appropriate state law;

    d.   Appropriate equitable relief to remedy Defendants' violations of state law, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

    e.   For an award of unpaid Federal minimum wages for each hour worked as required by the FLSA, 29 U.S.C. § 206, and parallel Illinois minimum wages;

    f.   All unpaid overtime as calculated by the applicable provision of the FLSA, 29 U.S.C. § 207 and parallel Illinois overtime wages;

    g.   All appropriate state and federal statutory penalties, including liquidated damages and statutory interest;

    h.   Attorneys' fees and costs of suit, including expert fees and fees pursuant to Illinois law and as permitted by the FLSA;

    i.   Such other and further relief as this Court deems just and proper.

**X.**    **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial by jury on all causes of action and claims with respect to which they have a state and/or federal constitutional right to a jury trial.

Respectfully submitted,

s/ *Michael L. Fradin*
Michael L. Fradin, Esq.

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com


By: /s/ *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
THE LAW OFFICES OF SIMON & SIMON
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 525-8890
Email: james@bswages.com